EMERY N. CLEAVES and ALLAN GERDAU, complainants-respondents,

*v.*

PETER BRODERSON, defendant-appellant, and CHRISTIAN BRODERSON, defendant-respondent.

Sometimes styled below

EMERY N. CLEAVES et al.,

*v.*

NEW JERSEY BUTTON WORKS et al.,

[Argued October 26th, 1937.   Decided January 26th, 1938.]

*Messrs. Burnett & Trelease (Mr. Norbury C. Murray,* on the brief), for the defendant-appellant.

*Messrs. Williams & Leonard,* for the complainants-respondents.

PER CURIAM.

This is an appeal by the defendant-appellant, Peter Broderson, from a decree of the court of chancery, advised by Vice-

Chancellor Fielder, perpetually enjoining said Peter Broderson from prosecuting against the defendant New Jersey Button Works, an action at law in the supreme court for $20,000 and interest alleged to be due him as the purchase price of four hundred shares of stock of the Interstate Button Company, and imposing upon said appellant the payment of costs and a counsel fee.

The learned vice-chancellor held appellant, Peter Broderson, estopped from asserting a claim which, if it existed, it was his duty to assert and not conceal when complainants' auditors were examining the books of said New Jersey Button Works and Interstate Button Company, two corporations of which complainants were about to acquire a controlling interest by stock purchases from the Broderson family. The vice-chancellor further held the existence of the claim doubtful, for the stock, made the basis of the claim, had either been delivered without consideration being contemplated or had by Christian Broderson (Peter's brother) been delivered to the New Jersey Button Works to augment its assets, Christian having received the stock from Peter and given Peter in return a $20,000 note which Peter had substantially written off to effect a savings in income tax. Christian Broderson was permitted to intervene as a defendant and filed a counterclaim against Peter and the New Jersey Button Works praying that if Peter should be restrained at the complainant's suit, Christian might be protected by restraining Peter from bringing suit on the $20,000 note which he had given Peter and that the New Jersey Button Works might be required to secure Christian from loss by reason of his said note.

The vice-chancellor held that Christian was not entitled to relief as against the New Jersey Button Works but that he was entitled to have Peter restrained from suing him on his note, and the decree so provided. Appellant, Peter Broderson, claims there is no evidence which could support estoppel and that in the absence of estoppel the decree should be reversed because the court of chancery was without jurisdiction to pass upon the issue of the existence or non-existence of the debt in question.

We have carefully examined the proofs and the law submitted by counsel for the respective parties and have reached the conclusion that the vice-chancellor was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found.

The decree is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.